1  Sanjay S. Schmidt, Esq. (SBN 247475)
   LAW OFFICE OF SANJAY S. SCHMIDT
2  1388 Sutter Street, Suite 810
   San Francisco, CA 94109
3  Telephone:  (415) 563-8583
   Facsimile:  (415) 223-9717
4  Email: ss@sanjayschmidtlaw.com

5
   Steven L. Derby, Esq. (SBN 148372)
6  Anthony E. Goldsmith, Esq. (SBN 125621)
   DERBY McGUINNESS & GOLDSMITH LLP
7  200 Lakeside Drive, Suite A
   Oakland, CA  94612
8  Telephone:  (510) 987-8778
   Facsimile:  (510) 359-4419
9  Email: info@dmglawfirm.com

10 Attorney for Plaintiff
   SWAMI SHRADDHANANDA SARASWATI
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14
   SWAMI SHRADDHANANDA                  CASE NO.
15 SARASWATI, an individual,
                                        Civil Rights
16                     Plaintiff,
         v.                             **COMPLAINT FOR INJUNCTIVE RELIEF
17                                        AND DAMAGES**

18 CITY OF BERKELEY, CITY OF
   ALBANY, PACIFIC GAS & ELECTRIC
   COMPANY, a California registered      DEMAND FOR JURY TRIAL
19 domestic stock corporation, FRANK L.
   YEE, MAY L. YEE, and DOES 1-100,
20 Inclusive,

21                     Defendants.

22

23

24
         Plaintiff SWAMI SHRADDHANANDA SARASWATI complains of Defendants CITY
25
   OF BERKELEY, CITY OF ALABANY, PACIFIC GAS & ELECTRIC COMPANY, FRANK L.
26
   YEE, MAY L. YEE, and DOES 1-100, inclusive, and each of them, and alleges as follows:
27
   //
28

                                          1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

1.      This case involves the denial of accessible and safe sidewalks, walkways, and paths of travel to Plaintiff  SWAMI SHRADDHANANDA SARASWATI ("Plaintiff" or "Ms. Saraswati"), a qualified person with a disability, in connection with a sidewalk or portions thereof and other facilities, features, elements or conditions in the public right of way (including curb ramps) that were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants; Plaintiff was also subjected to and severely injured by hazardous and inaccessible conditions created or allowed to exist by such Defendants along a portion of sidewalk at or near 1577 Solano Avenue. Specifically, on December 19, 2016, Plaintiff was being pushed in a wheelchair down the public right of way, on Solano Avenue, whereupon Plaintiff's wheelchair got trapped in a damaged area on the sidewalk, causing Plaintiff to be ejected from her wheelchair; she suffered gruesome injuries, including a compound fracture of the left ankle, which spewed blood onto the sidewalk. Additionally, Plaintiff is informed and believes, and based thereon alleges, that other inaccessible facilities, features, elements, and conditions, including, but not limited to, extremely dangerous and inaccessible sidewalks, curb ramps, and pedestrian surfaces exist along Solano Avenue and elsewhere in the defendants' public rights of way, which were and are designed and/or constructed and/or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants CITY OF BERKELEY and CITY OF ALBANY, and create a violation of her State and federal civil rights, as well as posing a hazard to her and other similarly situated persons.

2.      As a result of the inaccessible and hazardous facilities, features, elements, and conditions, and other harmful conduct as alleged herein, Plaintiff suffered severe physical personal injuries, as well as a denial of her civil rights.  At all times herein mentioned, Plaintiff was and is a "person with a disability" or "physically handicapped person," who is mobility impaired, and unable to safely use portions of walkways, sidewalks, and other public facilities that are not fully accessible to physically disabled persons.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3.      Plaintiff seeks injunctive relief, recovery of damages for both the personal injuries she incurred and the violation of her civil rights, and recovery of reasonable attorney fees, litigation expenses, and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this action, pursuant to:  (a) 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973 (hereinafter the "Rehabilitation Act"); and (c) 28 U.S.C. § 1367(a) for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including, but not limited to, violations of California Civil Code §§ 51, 54, 54.1, violations of California Government Code §§ 815.6 and 835, and common law negligence.  This court also has jurisdiction over Plaintiff's claims for declaratory or injunctive relief, pursuant to the ADA, the Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure, and State law authorizing injunctive relief.

5.      Venue is proper in this court, pursuant to 28 USC § 1391(b)(2) because Plaintiff's claims arose within the Judicial District of the United States District Court for the Northern District of California.  The incident occurred in the City of Berkeley or City of Albany; the property in front of which Plaintiff was injured is, on information and belief, located in the City of Berkeley, and the responsibility for the design and/or construction and/or ownership and/or operation and/or maintenance and/or inspection and/or modifications and alterations to the area of sidewalk where Plaintiff was injured lies with defendants CITY OF BERKELEY, CITY OF ALBANY, and the other defendants.  Venue is also proper under 28 USC § 1391(b)(1) because Defendants CITY OF BERKELEY and CITY OF ALBANY (and potentially others) reside in this district.

//

//

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PARTIES**

6.     Plaintiff is, and at all times relevant to this Complaint was, a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including, but not limited to, § 504 of the Rehabilitation Act of 1973 and the ADA. The terms "physically disabled person," "person with a disability," and a "person with disabilities" will be used interchangeably throughout this Complaint.  Ms. Saraswati requires, the use of a transport wheelchair for mobility virtually all of the time when she is engaging in any activity outside of home, as well as for many daily activities of living at home.

7.     Defendants CITY OF BERKELEY, CITY OF ALBANY, and DOES 1-3 (collectively, the "Government Defendants") are public entities that, on information and belief, at all times relevant to this Complaint, designed, and/or constructed, and/or modified, and/or altered, and/or maintained, and/or were responsible for maintaining, and/or inspected, and/or were responsible for inspecting, and/or owned, and/or operated, and/or exerted control over, and/or exerted control over the design, construction, maintenance, inspection, or modification of the sidewalk area where Plaintiff was injured, which is located at or about 1577 Solano Avenue, Berkeley California, and other portions of public right of way features, facilities, elements, and conditions throughout their respective jurisdictions.

8.     Defendant PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation (hereinafter, "PG&E"), and DOES 4-20 are entities that, on information and belief, at all times relevant to this Complaint, designed and/or constructed and/or modified and/or maintained and/or had a duty to maintain and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance, inspection, or modification of the sidewalk area (including, but not limited to, a utility vault) where Plaintiff was injured, or some portion thereof.

9.     Defendants  FRANK L. YEE,  MAY L. YEE, and DOES 21-50 (collectively, the "Yee Defendants") are, on information and belief, persons or entities that, at all times relevant to this Complaint, owned the real property and improvements thereon that include the address of

4

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1577 Solano Avenue, Berkeley California (the "Property") and were responsible for the design and/or construction and/or modification and/or maintenance and/or inspection and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance, inspection or modification of the sidewalk area (including, but not limited to, a utility vault) where Plaintiff was injured.

10.     On information and belief, Defendant DOES 51-65 are or were agents, contractors, subcontractors, or employees of Defendants CITY OF BERKELEY, CITY OF ALBANY, and DOES 1-3 or other DOE Defendants; DOES 66-80 are or were agents, contractors, subcontractors, or employees of PG&E or other DOE Defendants; and DOES 80-100 are or were agents, contractors, subcontractors, or employees of one or more of the Yee Defendants or other DOE Defendants.

11.     On information and belief, defendants CITY OF BERKELEY, CITY OF ALBANY, and DOES 1-3 wrongfully discriminated against Plaintiff on the basis of her disability as part of a joint venture and common enterprise.

12.     Based on information and belief, Plaintiff alleges that all of the named Defendants and DOE Defendants were negligent in connection with the manner in which they designed and/or constructed and/or modified and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance, inspection, or modification, and/or alteration of the sidewalk area where Plaintiff was injured.

13.     Plaintiff does not know the true identities of DOES 1-100 at this time and prays leave to substitute the true names of each such Defendant when they have been ascertained.

14.     Plaintiff does not know the relative responsibilities of the Defendants with respect to the responsibility for the design, construction, modification, alteration, maintenance, or inspection of the operation of the programs, services, activities, public accommodations, features facilities, and elements herein complained of, and alleges a joint venture and common enterprise by Defendants in the ownership and/or operation of each such program, service, activity, public accommodation, and public accommodations, facilities and elements.

15.     Plaintiff is informed and believes that each of the Defendants herein is the agent, servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise, and is responsible, in some manner, for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

16.     Plaintiff is informed and believes, and on that basis alleges, that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged, and that the injuries as alleged herein were caused by the acts and/or omissions of such Defendants.  Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from certain other Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

17.     This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GOVERNMENT CLAIM FILED

18.     A proper and timely tort claim was presented to the both the CITY OF ALBANY[1] and the CITY OF BERKELEY[2] on behalf of Plaintiff, pursuant to Government Code § 910 et seq., and this action was thereafter timely filed within all applicable statutes of limitation.

## FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS

19.     On December 19, 2016, plaintiff was being pushed in a wheelchair down the portion of the sidewalk at or near 1577 Solano Ave., at or about 3:00 P.M. The wheel of

---

[1] A Demand for Preservation of Evidence letter was served on the CITY OF ALBANY, on February 9, 2017. The heading of the letter states: "DEMAND FOR PRESERVATION OF EVIDENCE," and it proceeds to describe the incident and demand the preservation of various categories of evidence. It was not titled, nor was it styled as, a Government Code § 910 claim. Nonetheless, the CITY OF ALBANY's insurer, AIMS (Acclamation Insurance Management Services), inexplicably sent a letter dated February 24, 2017, purporting to be a "rejection" of the "claim." An actual Government Code § 910 claim, nevertheless, was served on the CITY OF ALBANY, on June 16, 2017, but no rejection has been served by the CITY OF ALBANY to date.
[2] A Government Code § 910 claim was served on the CITY OF BERKELEY, on June 16, 2017, which was rejected, on July 25, 2017.

6

Plaintiff's wheelchair was trapped in a damaged part of the concrete vault frame that houses a PG&E access cover, causing Plaintiff to be ejected from her wheelchair.  As a result of being ejected, she suffered serious injuries, including, but not limited to, a left, open, type 3A bimalleolar ankle fracture and dislocation (compound fracture and dislocation of the left ankle)/acute trimalleolar fracture with displacement.  The injury was gruesome.  The bone was exposed, and blood was squirting out onto the sidewalk.  Claimant was taken by ambulance to the hospital for emergency medical treatment.  The injury was obvious and required immediate surgical repair; in the operating room, Plaintiff had to undergo left ankle irrigation and debridement, and closed reduction and ankle spanning.  Plaintiff first underwent an external fixation, followed by an open reduction internal fixation the following day. The injuries and the effect on Plaintiff's already limited mobility were so severe that Plaintiff had to be discharged to a skilled nursing facility, where she was thereafter bedridden for a significant period of time.  She has suffered, and continues to suffer, a wide array of harms and losses as a result of this grievous and life-changing injury.  Plaintiff's harms and losses are ongoing and accruing.

20.     On information and belief, Plaintiff alleges that defendants designed, and/or constructed, and/or modified, and/or maintained (or had a duty to maintain), and/or inspected, and/or owned, and/or operated, and/or exerted control over the design, construction, maintenance, inspection or modification of the sidewalk area (including, but not limited to, a utility vault) where Plaintiff was injured or some portion thereof, or had a duty to do so.

21.     There were no signs that warned of the dangerous conditions that caused Plaintiff's injuries, so as to provide Plaintiff, (who was using the subject sidewalk/walkway with due care), adequate time to prepare for and/or avoid the dangerous condition.

22.     Plaintiff sustained the injuries and losses described herein as a result of the negligence and violation of disabled access and safety standards protecting disabled persons and others by defendants and their employees and/or agents and/or contractor(s) and/ or subcontractors, and the acts and omissions of defendants and their employees and/or agents and/or contractors and/ or subcontractors were a substantial factor in causing Plaintiff's injuries

7

and other damages.

23.    As a result of the aforementioned incident, Plaintiff sustained serious and permanent injuries to her body and mind.  Plaintiff has been compelled to incur obligations for, *inter alia*, medical care, medicines, medical imaging, hospitalization, surgery, and related care, as well as assistance with activities of daily living, and will, in the future, be compelled to incur additional such obligations.

24.    With specific reference to the Government Defendants, said entities' failures to provide and maintain safe and accessible sidewalks and other public right of way features (including curb ramps and sidewalks) caused Plaintiff to suffer (in addition to the injuries and losses described herein), a denial of her civil rights, including the denial to her right to full and equal and meaningful access to public rights of way owned, operated, or maintained by the Government Defendants, and the programs, services, and activities of using the public rights of way of the Government Defendants, all to her general, special, and statutory damages.  Moreover, as a result of her injuries and the inaccessible condition of the sidewalk, as well as other portions of sidewalks and other public right-of-way features, facilities, and elements (including, but not limited to, curb ramps) within the respective jurisdictions of the Government Defendants, Plaintiff has been deterred from returning to use the sidewalks within the jurisdictions of the Government Defendants, and, thus suffered a denial of her civil rights that continues to the date of filing this Complaint.  Plaintiff will continue to suffer deterrence and deprivation of her civil rights until the Government Defendants provide and maintain safe and accessible public rights-of-way, including accessible and safe sidewalks and curb ramps.  On information and belief, Plaintiff alleges that the type of barriers that caused Plaintiff's injuries, on December 19, 2016, are common within the jurisdictions of the Government Defendants, and that sidewalks and curb ramps that demonstrate hazardous and inaccessible slopes, cross slopes, obstacles, and abrupt changes of level pervade the area in and around where Plaintiff was ejected from her wheelchair and suffered a gruesome injury.

25.    On information and belief, Plaintiff alleges that at all relevant times herein

mentioned, Defendants had actual and/or constructive knowledge of the dangerous conditions and the risk of injury of the type suffered by Plaintiff, with sufficient time to eliminate the defects and dangers in question, and failed to eliminate said defects and dangers.  The subject sidewalk area where Plaintiff was injured, and its signing, configuration, and construction, resulted from illegal, negligent, inadequate, and/or incomplete design, and/or construction, and/or maintenance, and/or modification or alteration, and/or inspection, and/or other unusual conditions, in conjunction with a lack of warnings.  Given what the Defendants knew or should have known about the conditions of use, the sidewalk area where Plaintiff was injured constituted a trap for wheelchair users and others traveling on the aforementioned sidewalk and exposed wheelchair users and others, including Plaintiff, to a significant risk of being injured by the dangerous conditions set forth above.  Though the dangerous conditions (both at the location where Plaintiff was injured and throughout the jurisdiction of the Governmental Defendants) posed a special and unique risk to people who use wheelchairs, the conditions at the location where Plaintiff was injured, and at other locations in the subject rights of way, were and remain so hazardous as to pose a danger to any member of the general public when using the sidewalk and other elements of the public right-of-way with due care.

26.     Plaintiff is informed and believes, and on that basis alleges, that Defendants owed a duty of care to Plaintiff to design, construct, alter, modify, inspect, and maintain the portion of sidewalk where she was injured with reasonable care, that Defendants failed to exercise such care and diligence, and that the result of Defendants' breach of their duty of care resulted in Plaintiff's injuries and attendant damages.  Additionally, Plaintiff avers that the condition of the sidewalk section on which she was injured (as well as other public right of way features, facilities, and elements) was so patently dangerous that Defendants intentionally allowed the condition to exist or that it was allowed to exist because of deliberate indifference on the part of Defendants, to the detriment and fate of Plaintiff and people similarly situated.

27.     Plaintiff is informed and believes that Defendants owned, and/or operated, and/or designed, and/or constructed, and/or modified/altered, and/or maintained, and/or inspected, and/or

exerted control over the design, construction, maintenance, inspection, and/or modification of the sidewalk area where Plaintiff was injured at all times relevant in this Compliant.

28.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff, SWAMI SHRADDHANANDA SARASWATI, sustained the following injuries and damages, past and future, including, but not limited to:

  a.  Economic damages, including, but not limited to, out of pocket expenses, and ambulance, hospital, and medical expenses – past and future;
  b.  Extreme physical pain and suffering;
  c.  Permanent disabilities requiring ongoing medical care, rehabilitation, and assistance with all activities of daily living, *inter alia*;
  d.  Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;
  e.  Loss of enjoyment of life and pain and suffering;
  f.  All other legally cognizable special and general damages;
  g.  Violations and deprivations of state and federal disability rights; and,
  h.  All damages and penalties recoverable under California Civil Code §§ 51 and 54.1, California Code of Civil Procedure §1021.5, the ADA, the RA, and as otherwise allowed under California and United States statutes, codes, and common law.

## CLAIMS AGAINST THE GOVERNMENT DEFENDANTS

## FIRST CLAIM

### (Against Defendants CITY OF BERKELEY, CITY OF ALBANY, and DOES 1-3)

[FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990]

29.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

30.     At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 U.S.C. section 12131.  Pursuant to 42 U.S.C. 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities"

of a public entity, or be subjected to discrimination by such entity.  Plaintiff was, at all times relevant herein, a qualified individual with a disability for all purposes under the ADA.

31.      In violation of Title II of the ADA, the Government Defendants have failed to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the "services, programs and activities" of its public sidewalk and other features and facilities and elements within the public right of way (including, but not limited to, sidewalks and curb ramps). By reason of the Government Defendants' discriminatory policies regarding the failure to provide and maintain accessible and useable public right-of-way features, facilities, elements, and conditions, including public sidewalks, walkways, and curb ramps, so as to render them "accessible to and useable by" mobility impaired persons, the Government Defendants have intentionally discriminated against Plaintiff, in violation of Title II of the ADA and the regulations adopted to implement the ADA.  The condition of the Government Defendants' public rights-of-way (including along Solano Avenue) prevent people with disabilities, including Plaintiff, from meaningful participation in basic civic activities within their respective jurisdictions.  Maintaining sidewalks and other public right of way features, facilities, and elements in an accessible condition is a critical part of a public entity's duties, under §§ 35.150 of 28 CFR Part 35.

32.      In addition, on information and belief, the Government Defendants have violated their duties under the regulations set forth in §35.151 of 28 CFR Part 35 governing the design, construction, modification, and alteration of elements, features, and facilities in the public right-of-way, as well as their duty to maintain accessible features, elements, and facilities in an accessible condition.

33.      Pursuant to §35.150 (a) (1) of 28 C.F.R. Part 35:  "Each facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992."  Pursuant to §35.150 (b) (1) of 28 C.F.R. Part 35: "Each facility or part of a facility altered

by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities, if the alteration was commenced after January 26, 1992."

34.   Pursuant to §35.150 (i) of 28 C.F.R. Part 35 (and prior to the adoption of the 2010 amendments to 28 CFR Part 35, section 35.150 (e) of 28 C.F.R. Part 35), when streets are resurfaced or otherwise altered or subject to substantive maintenance, accessible and complaint curb ramps associated with said streets must be installed.

35.   On information and belief, the Government Defendants have constructed, altered, or repaired portions of the public right-of-way within their respective jurisdictions in a manner that violated Title II of the ADA.  Additionally, to the extent that the Government Defendants altered streets in a manner that affected or could affect the usability of said streets, on or after January 26, 1992, they were required, pursuant to § 35.151(b)(4) of 28 C.F.R. Part 35, to improve the sidewalks that were adjacent to and formed (along with said streets) part of the circulation path throughout the Governmental Defendants' jurisdictions.

36.   Without limiting the foregoing, on information and belief, Plaintiff avers that, on or after January 26, 1992, the Governmental Defendants have resurfaced portions of streets, including without limitation Solano Avenue, in a manner that would have required the installation of fully compliant curb ramps and the improvement of accessible sidewalks.

37.   On information and belief, to the date of the filing of this Complaint, the Government Defendants have failed to make the subject sidewalk where Plaintiff was injured accessible to and useable by people with disabilities and/or assure that both said Government Defendants and third parties design, construct, alter, inspect, and maintain sidewalks and features within and connected to sidewalks (including utility vaults), in a useable and accessible condition, as required by law.  Additionally, on information and belief, the Governmental Defendants have failed to enact a program to assure maintenance of the pedestrian paths in the public right-of-way, in order to transact business and engage in commerce in the area of the Solano Avenue Business

District.

38.     Plaintiff desires to return to and use the subject public sidewalks and utilize the public rights-of-way of the Governmental Defendants, but is deterred from use of the sidewalks until they are made accessible, particularly with respect to the conditions where features in or connected to sidewalks create inaccessible and hazardous abrupt changes in level or demonstrate inaccessible slopes and cross slopes and include inaccessible curb ramps.  Plaintiff avers that, based on the condition of the features she encountered (and on information and belief that exist within other portions of the Governmental Defendants public rights-of-way), Defendants intentionally violated the ADA and other disability rights laws as demonstrated, at the least, through deliberate indifference to the needs and safety of people with disabilities as to the condition of sidewalks and walkways and elements and features contained therein.

39.     As a direct and proximate result of the named Defendants' violations of the ADA, Plaintiff sustained injuries and damages, and against each Defendant named in this cause of action, is entitled to the relief set forth above, in ¶ 28, as well as that set forth in the Prayer, *infra*, including all damages and penalties allowed under federal law, attorneys' fees, and injunctive relief.

## SECOND CLAIM

**(Against Defendants CITY OF BERKELEY, CITY OF ALBANY and DOES 1-3)**

[FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

40.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

41.     Plaintiff avers, on information and belief, that the Defendants CITY OF BERKELEY, CITY OF ALBANY, and DOES 1-3 are each a government agency existing under the laws of the State of California with responsibility for, *inter alia*, owning, operating and maintaining the subject public sidewalk, walkway, and path of travel programs, services, activities, and facilities described hereinabove.  Plaintiff is informed and believes, and thereon

alleges, that the Government Defendants, and each of them, has been a recipient of federal financial assistance, and that part of that financial assistance was and is used to fund the construction, alteration, and operations of the subject public sidewalk, walkway, and path of travel programs, services, activities, facilities, and other related functions in the Solano Avenue Business District.

42.     The Government Defendants have, on information and belief, failed to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the "services, programs and activities" of its public rights of way, as more fully set forth hereinabove, in the First Claim.  By reason of the Government Defendants' discriminatory policies regarding the failure to provide accessible elements, features, and conditions in and to its public sidewalk and other features, facilities, and elements of their public rights of way, so as to render them "accessible to and useable by" mobility impaired persons, the Government Defendants have intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder: including those regulations governing: (i) the design, construction, modification, and alteration of elements and facilities in the public right-of-way or other public properties;  (ii) the inspection and maintenance of said elements and facilities, so that they remain in an accessible and useable condition; and (iii) the provision of accessible programs, services and activities in the Solano Avenue Business District.

43.     Plaintiff desires to return to and use the subject public sidewalks and utilize the public rights-of-way of the Governmental Defendants, but is deterred from use of the sidewalks until they are made accessible, particularly with respect to the conditions where features in or connected to sidewalks that create inaccessible and hazardous abrupt changes in level or demonstrate inaccessible slopes and cross slopes, and include inaccessible curb ramps.  Plaintiff avers that, based on the condition of the features she encountered (and on information and belief that exist within other portions of the Governmental Defendants public rights-of-way), Defendants intentionally violated the ADA and other disability rights laws as demonstrated, at the

14

least, through deliberate indifference to the needs and safety of people with disabilities as to the condition of sidewalks and walkways and elements and features contained therein.

44.     As a direct and proximate result of the named Defendants' violations of the RA, Plaintiff sustained injuries and damages, and against each Defendant named in this cause of action, is entitled to the relief set forth above, in ¶ 28, as well as that set forth in the Prayer, *infra*, including all damages and penalties allowed under federal law, attorneys' fees, and injunctive relief.

## THIRD CLAIM

### (Against Defendant CITY OF BERKELEY, CITY OF ALBANY and DOES 1-3)

[FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO PROTECT AGAINST PARTICULAR KINDS OF INJURIES UNDER CALIFORNIA GOVERNMENT CODE § 815.6)]

45.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

46.     Section 815.6 of the California Government Code provides that, where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

47.     On information and belief, the Government Defendants did not discharge a number of statutorily mandated duties imposed by federal and State statutes and regulations, as enumerated herein, all of which were enacted specifically for the purpose of protecting Plaintiff and other people with disabilities from discrimination and injuries.  These duties include those set forth in the First Claim, above, for violation of the ADA; the Second Claim, above, for violation of Section 504 of the Rehabilitation Act of 1973; and the Fifth Claim, below, for violations of sections 51, 54 and 54.1 of the California Civil Code.  Each of these laws, statutes, and

regulations were designed to prevent the acts of discrimination and injuries, including the physical injuries, harms and other losses suffered by Plaintiff.

48.     Discovery has not commenced; investigation is only in its initial stages and is limited because the Government Defendants have control of access to staff and records and information material to these claims.  After discovery is underway, Plaintiff may learn more about other and additional mandatory duties that were violated and had a causal effect on the events and damages complained of herein.  Therefore, Plaintiff intends to seek leave to amend this Complaint accordingly, as may become appropriate, up to the time of trial.

49.     As set forth herein, Plaintiff is a person with a disability and is in all respects qualified and able to use public sidewalks, walkways, and paths of travel, and other features and elements in the public right of way.  The Government Defendants have (and at all relevant times herein had) a duty to provide safe and accessible paths of travel on sidewalks and other features, facilities, or elements in the public right of way that they own, operate, and maintain, or over which they otherwise exert control or responsibility.  Plaintiff is informed and believes, and based thereon alleges, that the Government Defendants were/are aware of the discriminatorily inaccessible and hazardous conditions of subject sidewalk where Plaintiff was injured.  Plaintiff is informed and believes, and based thereon alleges that, despite knowing of these discriminatorily inaccessible and hazardous conditions, the Government Defendants did not exercise reasonable diligence or take appropriate steps to eliminate or mitigate these conditions.

50.     On information and belief, the Government Defendants failed to discharge the duties referenced herein, thereby discriminating against Plaintiff and endangering her, as well as other persons similarly situated.

51.     The Government Defendants are statutorily liable under sections 815.2 and 815.4 of the California Government Code for the negligence and misconduct of their employees and contractors in violating Government Code section 815.6, as such negligence and misconduct occurred within the scope of their employment.  The failure and refusal of the employees or contractors of the Government Defendants to abide by the mandates of California Government

Code section 815.6 was, on information and belief, not the result of any exercise of discretion vested in any of Defendants' employees, or contractors; to the contrary, any and all employee of contractors of Defendants had a duty to abide by the mandates of section 815.6 and all similar statutes designed to prevent the types of injuries suffered by Plaintiff.

52.     The violations of mandatory duties enunciated above were a substantial factor in causing Plaintiff's injuries, harms, losses, and discrimination, as set forth in this Complaint for which the Government Defendants, and each of them, are responsible.  Plaintiff was, in no way, at fault for the incident wherein she sustained said injuries.

53.     Plaintiff's injuries, including her physical injuries and denial of her civil rights, could have been prevented if the Government Defendants had discharged affirmative obligations required under statutes and regulations.  The occurrences and harm alleged herein are within the scope of concerns, injuries, or harm precisely targeted for prevention by the statutes and regulations cited in this Claim, and as set forth in this Complaint.

54.     As a direct and proximate result of the named Defendants' breaches of their mandatory duties, Plaintiff sustained injuries and damages, and against each Defendant named in this cause of action, is entitled to the relief set forth above, in ¶ 28, as well as that set forth in the Prayer, *infra*.

<u>**FOURTH CLAIM**</u>

**(Against Defendants CITY OF BERKELEY, CITY OF ALBANY and DOES 1-3 )**

[FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER CALIFORNIA GOVERNMENT CODE § 835]

55.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

56.     Section 835 of the California Government Code provides that, except as otherwise provided by statute, a public entity is liable for injury caused by a dangerous condition of its property if the plaintiff establishes that the property was in a dangerous condition at the time of

17

the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either: (a) a negligent or wrongful act or omission of an employee of the public entity within the scope of his or her employment created the dangerous condition; or (b) The public entity had actual or constructive notice of the dangerous condition under Section 835.2 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

57.     On information and belief, at relevant times set forth in this Complaint, the Government Defendants owned and/or controlled the portion of the sidewalk where Plaintiff was injured.

58.     Plaintiff alleges, on information and belief, that the dangerous condition of the sidewalk where Plaintiff was injured: (a) was created by the negligent or wrongful acts or omissions of one or more employees of one or more of the Government Defendants acting within the course and scope of their employment, and/or (b) Defendants CITY OF ALBANY and/or CITY OF BERKELEY and/or DOES 1-3 had actual or constructive notice of the dangerous conditions that injured Plaintiff a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

59.     The condition of the sidewalk on which Plaintiff was injured and the acts or omissions of Defendants (including the acts or omissions of their employees acting within the course and scope of their duties) created a reasonably foreseeable risk of the kind of injury which was incurred, as described above, in ¶ 19.

60.     The violations of the duties enunciated above were the proximate cause of and a substantial factor in causing Plaintiff's injuries, harms, losses, and discrimination, as set forth in this Complaint, for which the Government Defendants, and each of them, are responsible. Plaintiff was, in no way, at fault for the incident wherein she sustained said injuries.

61.     As a direct and proximate result of the above-described dangerous condition under California Government Code § 835, Plaintiff sustained injuries and damages, and against each Defendant named in this cause of action, is entitled to the relief set forth above, in ¶ 28, as well as

that set forth in the Prayer, *infra*.

## FIFTH CLAIM

**(Against Defendants CITY OF BERKELEY, CITY OF ALBANY and DOES 1-3)**

[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 AND

CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

62.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

63.     At all times relevant to this Complaint, California Civil Code section 54(a) has provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings. . . public facilities and other public places."

64.     At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

65.     At all times relevant to this Complaint, California Civil Code section 51(b) provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

66.     Plaintiff is informed and believes, and therefore alleges, that the specified public sidewalk elements on which she was injured (or related facilities or elements), and the Government Defendants' programs, services, and activities of operating sidewalks and other

features, facilities, and elements in the public right of way are and were required to be accessible within the meaning of California Government Code sections 4450 and 4451 *et seq.*

67.     Plaintiff is further informed and believes, and therefore alleges, that the Government Defendants constructed and/or conducted alterations, structural repairs, or additions of the sidewalk/walkway on which Plaintiff was injured or on other property connected therewith, since 1968, within the meaning of Government Code sections 4450 *et seq.*, including section 4456, thereby requiring provision of access to persons with disabilities, as required by law.

68.     Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements that are required to be accessible must be maintained in an accessible condition.  Further, Plaintiff alleges that, at all relevant times, the Government Defendants were required to comply with Title II of the ADA, as more fully set forth in the First Claim, above, and failed to do so, including, without limitation, failures in: (i) the design, construction, modification, and alteration of elements and facilities in the public right of way or other public properties; (ii) the inspection and maintenance of said elements and facilities so that they remain in an accessible and useable condition; and (iii) the provision of accessible programs, services, and activities.

69.     Plaintiff and other similarly situated people with mobility disabilities are unable to use sidewalks, curb ramps, and other features, facilities, and elements in the public right of way on a "full and equal" basis, unless each such facility is in compliance with the provisions of California Health & Safety Code sections 4450 *et seq.* and the ADA.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 4450 *et seq.*

70.     On information and belief, the actions and omissions of the Government Defendants, as herein alleged, constitute a denial of access to and use of the described sidewalks, public elements, and facilities by Plaintiff and other similarly situated physically disabled persons within the meaning of Government Code sections 4450 *et seq.*  As a result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Government Code sections 4450 *et seq.*, and and in violation of the regulations adopted to implement section 4450,

as set forth in the California Code of Regulations, Title 24-2.  A violation of sections 4450 *et seq.* constitutes a violation of the general anti-discrimination provisions, Civil Code sections 51(b), 54, and 54.1.

71.     Each violation of the Americans with Disabilities Act of 1990 (as pleaded in the First Claim) also constitutes a violation of sections 51(f), 54(c), and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that she has been denied such full and equal access as required by California law, which incorporates Title II of the ADA.

72.     Each violation of Plaintiff's rights under section 51 of the Civil Code entitles Plaintiff to injunctive relief and an award of damages, attorneys' fees, and costs, pursuant to § 52 of the Civil Code.  Each violation of Plaintiff's rights under §§ 54 or 54.1 of the Civil Code entitles Plaintiff to an award of damages, attorneys' fees, and costs pursuant to § 54.3 of the Civil Code.

73.     As a direct and proximate result of Defendants' violation of California Civil Code §§ 51, 54, and/or 54.1, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action, is entitled to relief as set forth above, in ¶ 28, as well as that set forth in the Prayer, *infra*, including, with respect to each violation of Civil Code § 51, all damages and penalties allowed by California Civil Code § 52 and California law, three times actual damages, and attorneys' fees.

## SIXTH CLAIM

**(Against Defendants CITY OF BERKELEY, CITY OF ALBANY, PACIFIC GAS & ELECTRIC COMPANY, FRANK L. YEE, MAY L. YEE, and DOES 4-100)**

[NEGLIGENCE, PREMISES LIABILITY, AND NEGLIGENCE PER SE]

74.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

75.     At all relevant times, the named Defendants owed Plaintiff a duty of due care,

21

Defendants were negligent, Plaintiff was harmed, and Defendants' negligence was a substantial favor in causing Plaintiff's harm.

76.     An owner of and/or a lessee of and/or an occupier of and/or one who controls property must avoid creating or permitting to exist an unsafe condition on the surrounding public streets or sidewalks.

77.     As a separate and distinct duty, under California Streets & Highway Code § 5610, "[t]he owners of lots or portions of lots fronting on any portion of a public street or place when that street or place is improved or if and when the area between the property line of the adjacent property and the street line is maintained as a park or parking strip, shall maintain any sidewalk in such condition that the sidewalk will not endanger persons or property and maintain it in a condition which will not interfere with the public convenience in the use of those works or areas save and except as to those conditions created or maintained in, upon, along, or in connection with such sidewalk by any person other than the owner, under and by virtue of any permit or right granted to him by law or by the city authorities in charge thereof, and such persons shall be under a like duty in relation thereto."

78.     At all relevant times, the named Defendants owned and/or leased and/or occupied and/or controlled the property which constitutes the section of the sidewalk where Plaintiff suffered her injuries, as described more specifically in ¶ 19, and elsewhere; Defendants were negligent in the use or maintenance of the property; Plaintiff was harmed; and, Defendants' negligence was a substantial factor in causing Plaintiff's harm.

79.     At all relevant times, a condition on Defendants' property created an unreasonable risk of harm; Defendants knew or, through the exercise of reasonable care, should have known about it; and, Defendants failed to repair the condition, protect against harm from the condition, or give adequate warning of the condition.

80.     At all times mentioned herein, the section of sidewalk where the subject incident occurred, which forms the basis of this lawsuit, created and/or was in a dangerous condition due to the negligence and other breaches of duty owed to Plaintiff by the named Defendants.

81.     As a proximate result of the dangerous conditions, Plaintiff sustained serious and permanent injuries and attendant damages, as set forth herein.

82.     The known dangerous conditions, as described above, created a substantial risk of the type of injury alleged herein when the Property was used with due care, and in a manner in which it was reasonably foreseeable that such Property would be used.

83.     At all times relevant to this Complaint, on information and belief, Defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, equipped, supervised, and administered the area which is the subject of this Complaint, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area surrounding the place where the Plaintiff was injured.

84.     Defendants, and each of them, through their acts and omissions, created the dangerous conditions and/or failed to remedy the dangerous conditions and/or failed to warn of the dangerous conditions.

85.     Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous conditions.

86.     Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous conditions that caused Plaintiff's injuries.

87.     Although these Defendants had actual and/or constructive knowledge of the dangerous conditions of the Property, they failed to warn the public of the dangerous conditions.

88.     Prior to, or on or about the date of Plaintiff's injury, these Defendants, their employees, contractors, subcontractors, and agents, and each of them, acting within the scope of their employment, were negligent and careless, including in doing the acts set forth above, which negligence created the dangerous conditions as described herein.

89.     These Defendants, and each of them, were further negligent in that they failed to monitor and/or inspect their work or the area, so as to determine if there were conditions which would develop that would pose a risk of harm to individuals that would be using the public property in a foreseeable manner, including, but not limited to, individuals confined to wheelchairs.  Additionally, Defendants, and each of them, failed to inspect, warn, and perform adequate repair and/or maintenance of the subject Property, which is described above.

90.     Defendants, their employees, contractors, subcontractors, and agents, and each of them, had actual and/or constructive knowledge of the existence of the dangerous condition(s), and knew or should have known of their dangerous character, in that the condition had existed for a sufficient period of time, and was of such a nature, that Defendants, in the exercise of due care, should have discovered the conditions and their dangerous character within a sufficient period of time prior to the occurrence of the incident to have taken measures to protect against the dangerous conditions.

91.     At all times, Defendants failed to install any safety and/or preventative measures to guard against accidents in the area of the Property at issue.

92.     As a result of such negligence, Plaintiff has sustained damages.

93.     At all times, Plaintiff was owed a duty of reasonable care to prevent injury to members of the public, including Plaintiff, by Defendants.  Through their acts and omissions, Defendants, and/or Defendants' agents and employees, acting within the course and scope of their agency or employment, breached the duty of reasonable care to prevent injury to Plaintiff.  As a result of such acts and/or omissions by Defendants, and/or Defendants' agents and employees, Plaintiff suffered personal injuries and attendant damages.  As such, Defendants are liable to Plaintiff.

94.     Plaintiff in no way contributed, nor was she in any way at fault, for any of the injuries she sustained, and the negligence of defendants as alleged herein above was a substantial factor in causing Plaintiff's harm.

95.     To the extent that PG&E the YEE Defendants, as well as any other Defendant violated any statute, law, or ordinance designed to protect against the sorts of risks that caused the incident that led to Plaintiff's harm, as described more specifically in ¶ 19, *supra*, including, but not limited to, the ADA, sections 51, 54, 54.1 of the California Civil Code, sections 19953 *et seq.* or 4450 *et seq.* of the California Government Code, Title 24-2 of the California Code of Regulations, and section 16.04.010 of the Berkeley Municipal Code concerning the construction, modification, alteration, inspection, and maintenance of features designed to provide for safe and accessible conditions for people with disabilities or the general public, the negligence of said Defendants constitutes negligence *per se*.

96.     To the extent that any of the negligent acts or omissions alleged herein were the result of the negligence of any Defendant's employees acting in the course and scope of their employment, said Defendants are liable for the acts or omissions of said employees under the principles of *respondeat superior.*

97.     As a direct and proximate result of Defendants' negligence and/or negligence per se, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action, is entitled to the applicable relief as set forth above, in ¶ 28, as well as that set forth in the Prayer, *infra*.

### **SEVENTH CLAIM**

**(Against Defendants FRANK L. YEE, MAY L. YEE, and DOES 21-50)**

[FOR VIOLATION OF THE BERKELEY MUNICIPAL CODE SECTION 16.04.010]

98.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint, and incorporates them herein.

99.     At all times relevant hereto, section16.04.010 of the Berkeley Municipal Code has held:

> 16.04.010 Sidewalk repair requirements--Property owner's duty to the public.
> It is unlawful for any owner of any real property in the City, other than the City
> itself, fronting on any portion of a public street, alley, or way, to allow any portion
> of the sidewalk adjacent to the property to be out of repair. Said owner must at all
> times keep such sidewalk in such condition that it will not endanger persons or

property passing thereon and will not interfere with public convenience in the use thereof. Said owner owes a duty to members of the public to keep said sidewalk in a safe condition. If said owner fails to maintain said sidewalk in a safe condition, and a person sustains injury or damage as a result of said failure, then the owner shall be liable to such person for the resulting injury or damage. "Sidewalk" as used in this section has the same meaning as stated in Berkeley Municipal Code Section 1.04.010. (Ord. 7184-NS § 1, 2011: Ord. 582-NS § 1, 1918)

100.    At all times relevant to this Complaint, one or more of the Yee Defendants, and/or DOES 21-50, owns and/or owned the Property, and was required to maintain the sidewalk where the Plaintiff was injured in a safe and non-dangerous condition.

101.    The failure of the Yee Defendants to discharge the statutory duty to maintain the sidewalk in a safe condition resulted in the injuries to Plaintiff set forth herein, and said defendants are therefore liable for Plaintiff's injuries per Berkeley Municipal Code section 16.04.010.

102.    As a direct and proximate result of Defendants' violation of Berkeley Municipal Code section 16.04.010, Defendants' negligence, and/or Defendants' negligence per se, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action, is entitled to the applicable relief as set forth above, in ¶ 28, as well as that set forth in the Prayer, *infra*.

WHEREFORE, Plaintiff respectfully requests the following relief:

**PRAYER FOR RELIEF**

**AS TO CLAIMS AGAINST THE GOVERNMENT DEFENDANTS FOR THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CLAIMS**

1.    Issue a preliminary and permanent injunction (under 42 U.S.C. 12133 to address violations  of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to address violations of section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim and under §52 of the Civil Code to address violations of §51 of the Civil Code)  directing that the Government Defendants -- as current owners and operators of the subject public sidewalks, and other public rights- of-way, features, elements and facilities in the Solano Business District  -- modify the above-described features and elements to provide access to the said features to Plaintiff and persons similarly situated so that they may obtain the benefits of, and access to these

programs, services and activities in a "full and equal" manner;  and to maintain each such subject public sidewalk, walkway, and path of travel program, service, activity and facility in an accessible and non-hazardous condition; and to continue to maintain adequate subject public sidewalks, walkways, and path of travel programs, services, activities, and facilities for use by disabled persons so long as any such public sidewalks, walkways, and path of travel programs, services, activities, and facilities are maintained for the use of able-bodied persons. Particularly, Plaintiff seeks an injunction that would require said Defendants to provide sidewalk and curb ramp features that do not contain inaccessible abrupt changes of level in excess of ¼", provide compliant cross slopes and slopes and improve curb ramps so that they meet the requirements of State and federal law and to establish protocols for the inspection of sidewalks and walkways that would detect and eliminate said barriers. Without limiting the foregoing, plaintiff requests injunctive relief to require the Government Defendants to adopt a maintenance program for its public rights-of-way in the Solano Avenue Business District that will eliminate highly hazardous conditions and correct deviations from state and federal access requirements when it constructs or alters its public rights-of-way or features, facilities or elements in connection therewith including assuring that compliant curb ramps or installed on streets or resurfaced or otherwise altered within the meaning of State and Federal law.

2.     Retain jurisdiction over the Government Defendants until such time as the Court is satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible and hazardous public rights-of-way as complained of herein no longer occur, and will not recur.

3.     Award to Plaintiff all appropriate damages, including but not limited to statutory damages, special damages, general damages in an amount within the jurisdiction of the Court, according to proof under: (1) 42 U.S.C. section 12133, (for violation of Title II of the ADA, as set forth in the First Claim); (2) 29 U.S.C. section 794(a) (for violation of Section 504 of the Rehabilitation Act of 1973 as set forth in the Second Claim); (3) for breach of duties under sections 815.6 and 835 of the California Government Code (as set forth in the Third and Fourth

Claims, respectively).  Additionally, Plaintiff seeks up to three times her actual damages for each violation of section 51 of the California Civil Code (per section 52 of the California Civil Code) and each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under section 52 or section 54.3.

4.      Award Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29 U.S.C. section 794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under section 52 of the California Civil Code for violation of section 51 of the California Civil Code, and section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under California Code of Civil Procedure 1021.5.

5.      Award prejudgment interest pursuant to California Civil Code section 3291; and

6.      Grant such other and further relief as this Court may deem just and proper.

**AS TO CLAIMS AGAINST ALL DEFENDANTS FOR THE SIXTH AND SEVENTH CLAIMS**

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant, jointly and severally:

1.      General and special damages pursuant to California Civil Code sections 3281 and 3333, and/or under common law;

2.      Compensatory damages in an amount according to proof, which is fair, just, and reasonable, and as otherwise may be allowed by California and/or federal law;

3.      Prejudgment interest pursuant to Civil Code section 3291; and,

4.      For such other and further relief as the Court deems just and proper.

1
2

## **DEMAND FOR JURY**

3

DATED:  August 24, 2017                    DERBY McGUINNESS & GOLDSMITH LLP

4
5
6

By___/s/_____
Steven L. Derby, Esq.
Attorney for Plaintiff

7
8

Plaintiff hereby respectfully demands a jury trial in this action for all claims for which a

9

jury is permitted, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

10

DATED:  August 24, 2017                    DERBY McGUINNESS & GOLDSMITH LLP

11
12
13

By___/s/_____
Steven L. Derby, Esq.
Attorney for Plaintiff

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28