Farimah F. Brown, City Attorney, SBN 201227
Natalie Torres, Deputy City Attorney, SBN 283571
BERKELEY CITY ATTORNEY'S OFFICE
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
Telephone: (510) 981-6998
Facsimile: (510) 981-6960
ntorres@cityofberkeley.info

Attorneys for Defendant CITY OF BERKELEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAMI SHRADDHANANDA SARASWATI,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BERKELEY, a public entity, CITY OF ALBANY, a public entity, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, FRANK L. YEE, MAY L. YEE, and DOES 1-00, Inclusive,<br><br>Defendants. | NO. 3:17-cv-04940-MMC<br><br>**DEFENDANT CITY OF BERKELEY'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant CITY OF BERKELEY, responds to the unverified complaint of Swami Shraddhananda Saraswati as follows:

1. Pursuant to Federal Rules of Civil Procedure 8(b)(3), Defendant denies each and every allegation in the complaint except those expressly admitted below. City further denies that Plaintiff has been damaged in any sum or sums, or at all, by reason of any act or omission of Defendant.

2. Answering Paragraphs 1, 2 and 3, Defendant neither admit nor deny these allegations as they merely state the alleged basis for the action.

3. Answering Paragraph 4 and 5, Defendant admit venue and assignment are proper, but deny any of Plaintiff's characterization of the underlying events, except as expressly admitted herein.

4. Answering Paragraph 6, Defendant neither admit nor deny these allegations as they merely state the alleged basis for the action.

5. Answering Paragraph 7, Defendant admits that the City is a local government entity, but deny any of Plaintiff's characterization of the underlying location of events, except as expressly admitted herein.

6. Answering Paragraphs 8 through 17, Defendant denies any of Plaintiff's characterization of the underlying events, except as expressly admitted herein.

7. Answering Paragraph 18, Defendant admits that the City of Berkeley, received a claim on or about June 16, 2017 and was rejected on or about July 25, 2017.

8. Answering Paragraph 19, Defendant neither admit nor deny these allegations as they merely state the alleged basis for the action. To the extent Plaintiff alleges damages, Defendant lacks sufficient information or belief to respond to the allegations therein, and therefore, deny said allegations.

9. Answering Paragraphs 20 through 28, Defendant denies any of Plaintiff's characterization of the underlying events, except as expressly admitted herein; moreover, Defendant specifically denies it designed, constructed, modified, maintained, inspected, owned, operate, exerted control over the design, maintenance or inspection of the right of way where Plaintiff was injured as alleged in Paragraphs 20 through 28.

**FIRST CAUSE OF ACTION**

10. Answering Paragraphs 29-39, Defendant incorporates its responses in Paragraphs 1 to 9.

11. Answering Paragraph 29-30, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. To the extent Plaintiff alleges she is entitled to the

1. protections of cited Sections, Defendant lacks sufficient information or belief to respond to the allegations therein, and therefore, deny said allegations.
12. Answering Paragraph 31, Defendant denies Plaintiff's characterization of the underlying events, except as expressly admitted herein. Furthermore, Defendant denies it maintains the public right of way plaintiff alleges is subject of her complaint.
13. Answering Paragraph 32, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendant further denies any of plaintiff's characterization of the underlying events, except as expressly admitted herein
14. Answering Paragraphs 33-35, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required; Defendant denies any of Plaintiff's characterization of the underlying events, including violation of the underlying regulation. Furthermore, Defendant denies it maintains the public right of way Plaintiff alleges is subject of her complaint.
15. Answering Paragraphs 36-39, Defendant denies any of Plaintiff's characterization of the underlying events, except as expressly admitted herein. Furthermore, Defendant denies it maintains the public right of way Plaintiff alleges is subject of her complaint.

## SECOND CAUSE OF ACTION

16. Answering Paragraphs 40-44, Defendant incorporates its responses in Paragraphs 1 to 15.
17. Answering Paragraph 41, Defendant denies any of Plaintiff's characterization of the underlying events and allegations, except as expressly admitted herein. Furthermore, Defendant denies it owns, maintains or operates the subject public right of way.
18. Answering Paragraph 42, Defendant admits it is a government agency existing under the laws of the State of California; however, Defendant denies any of Plaintiff's characterization of the underlying events and allegations, except as expressly admitted herein. Furthermore, Defendant denies it owns, maintains or operates the subject public right of way and denies receiving financial assistance for the subject public right of way.
19. Answering Paragraph 43-44, Defendant denies any of Plaintiff's characterization of the

underlying events and allegations, except as expressly admitted herein. Furthermore, Defendant denies it owns, maintains or operates the subject public right of way.

### THIRD CAUSE OF ACTION

20. Answering Paragraphs 45-54, Defendant incorporates its responses in Paragraphs 1 to 19.

21. Answering Paragraph 46, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

22. Answering Paragraph 47, Defendant denies any of Plaintiff's characterization of the underlying events and allegations; including but not limited to Plaintiff's allegation that the City did not discharge a number of statutorily mandated duties imposed by federal and State statutes and regulations.

23. Answering Paragraph 48, Defendant neither admits nor denies these allegations as they merely state the alleged basis for the action.

24. Answering Paragraph 49-50, Defendant denies any of Plaintiff's characterization of the underlying events and allegations; furthermore, Defendant denies it owns, maintains or operates the subject public right of way. Defendant denies it owed a duty to Plaintiff.

25. Answering Paragraph 51-54, Defendant denies it owed a statutorily mandated duty imposed by federal and State statutes and regulations as alleged by Plaintiff. To the extent Plaintiff alleges damages, Defendant lacks sufficient information or belief to respond to the allegations therein, and therefore, deny said allegations.

### FOURTH CAUSE OF ACTION

26. Answering Paragraphs 55-61, Defendant incorporates its responses in Paragraphs 1 to 25.

27. Answering Paragraph 56, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

28. Answering Paragraph 57, Defendant denies it owns, maintains or operates the subject public right of way. Defendant denies receiving financial assistance for the subject public right of way.

29. Answering Paragraph 58-61, Defendant denies any of plaintiff's characterization of the underlying events and allegations, except as expressly admitted herein. Furthermore, Defendant denies it owns, maintains or operates the subject public right of way. Defendant denies receiving financial assistance for the subject public right of way.

## **FIFTH CAUSE OF ACTION**

30. Answering Paragraphs 62-73, Defendant incorporates its responses in Paragraphs 1 to 29.

31. Answering Paragraph 63, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

32. Answering Paragraph 64, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

33. Answering Paragraph 65, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

34. Answering Paragraph 66, Defendant denies any of Plaintiff's characterization of the underlying events and allegations, except as expressly admitted herein.

35. Answering Paragraph 67, Defendant denies it constructed, conducted alternations, structural repairs, or additions of the subject right of way.

36. Answering Paragraph 68, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendant denies any of plaintiff's characterization of the underlying events and allegations, including ownership, control or construction of the subject right of way, except as expressly admitted herein.

37. Answering Paragraph 69, Defendant neither admits nor denies these allegations as they merely state the alleged basis for the action. To the extent Plaintiff alleges damages,

| | |
|---|---|
| 1 | Defendant lacks sufficient information or belief to respond to the allegations therein, and |
| 2 | therefore, deny said allegations. |
| 3 | 38. Answering Paragraph 71-73, Defendant denies the allegations contained therein. |

### SIXTH CAUSE OF ACTION

39. Answering Paragraphs 74-97, Defendant incorporates its responses in Paragraphs 1 to 38.
40. Answering Paragraph 75, Defendant deny owing a duty of care to plaintiff; defendant further denies negligence.
41. Answering Paragraph 76, Defendant denies owning, leasing, occupying or controlling the subject right of way.
42. Answering Paragraph 77, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.
43. Answering Paragraphs 78-94, Defendant denies any of plaintiff's characterization of the underlying events and allegations, except as expressly admitted herein. Furthermore, Defendant specifically denies it designed, constructed, leased, modified, maintained, inspected, owned, operate, exerted control over the design, maintenance or inspection of the right of way where Plaintiff was injured as allege. Defendant denies any negligence, duty or breach of duty to Plaintiff. To the extent Plaintiff alleges damages, Defendant lacks sufficient information or belief to respond to the allegations therein, and therefore, deny said allegations.
44. Answering Paragraph 95, Defendant denies the allegations contained therein.
45. Answering Paragraph 96, Defendant denies the allegations contained therein.
46. Answering Paragraph 97, Defendant denies the allegations contained therein; to the extent Plaintiff alleges damages, Defendant lacks sufficient information or belief to respond to the allegations therein, and therefore, deny said allegations.

//
//

## SEVENTH CAUSE OF ACTION

47. Answering Paragraphs 98 through 102, Defendant asserts that these paragraphs pertain to other named defendants and therefore lacks sufficient information to form a belief as to the truth of the remaining allegations in these paragraphs, and on that basis, denies them.

## PRAYER FOR RELIEF

48. Answering Plaintiff's Prayer for Relief stated in Paragraphs 1 through 6, Defendant denies that Plaintiff is entitled to any of the relief requested.

## SEPARATE AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

Defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense

(Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in, *inter alia,* Code of Civil Procedure Section 335, *et seq.,* and related statutes.

### Third Affirmative Defense

(Apportionment)

Defendant alleges that should Plaintiff recover damages against Defendant City of Berkeley, Defendant is entitled to have the amount abated, apportioned, or reduced to the extent that any other party or entity or individual's negligence and/or fault caused or contributed to Plaintiff's alleged damages, if any there were.

//

//

**Fourth Affirmative Defense**

(Assumption of the Risk)

Defendant alleges Plaintiff willingly, voluntarily, and knowingly assumed each, every, and all of the risks and hazards involved in the activities referred to in the Complaint.

**Fifth Affirmative Defense**

(Negligence of Others)

Defendant alleges Plaintiff's injuries were proximately caused by an unforeseeable, independent, intervening and/or superseding event beyond the control and unrelated to any conduct of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

**Sixth Affirmative Defense**

(Proximate Cause)

Defendant alleges that its conduct was not the cause in fact or proximate cause of any of the losses alleged by Plaintiff.

**Seventh Affirmative Defense**

(Contribution)

Defendant alleges, that in the event Defendant is held liable to Plaintiff, which liability is expressly denied, and any co-defendant or other person or entity, whether or not yet specifically named in the Complaint, is likewise held liable, Defendant is entitled to a percentage contribution of the total liability from co-defendants or other person or entity in accordance with principles of equitable indemnity and comparative contribution.

**Eighth Affirmative Defense**

(Offset)

Defendant alleges, that should Plaintiff recover damages against Defendant, Defendant is entitled to have the amount offset and/or reduced by any and all amounts paid by way of settlement or judgment of any other lawsuit or claim regarding the injuries or damages referred to in the complaint.

### Ninth Affirmative Defense

(Good Faith)

Defendant alleges that its employees, officials and agents were at all times material to the complaint acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

### Tenth Affirmative Defense

(Notice)

Defendant asserts that the condition which Plaintiff complains of was a condition of which Defendant did not have notice, either actual and/or constructive.

### Eleventh Affirmative Defense

(Failure to Mitigate)

Defendant asserts that Plaintiff failed to mitigate her damages, if any, and said failure to mitigate bars Plaintiff from recovery in this action.

### Twelfth Affirmative Defense

(Immunity)

Defendant alleges the provisions of the Tort Claims Act of the Government Code (Government Code Section 810, *et seq*.) as a measure of the duty of City and its employees.

### Thirteenth Affirmative Defense

(Barred by Tort Claims Act)

Defendant alleges that the complaint is barred by the following provisions of the Tort Claims Act; Government Code Sections:  815, 815(b); 815.2, 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 820.9; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4.

//

//

## Fourteenth Affirmative Defense

(Variance between Tort Claim and Complaint)

Plaintiff's causes of action are limited to those factual allegation and theories of recovery set forth in Plaintiff's written government tort claim, if any, and to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code Sections 905, 910, 911.2, 945.5, 950.2, and related provisions.

## Fifteenth Affirmative Defense

(Proposition 51)

Defendant alleges that in the event that any Defendant is found liable – which liability is specifically denied and stated merely for the purpose of this affirmative defense – such liability, if any, for non-economic damages shall be several and not joint, pursuant to the Fair Responsibility Act of 1986 (Proposition 51) as set forth in Civil Code Section 1431, *et seq*. Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any, assessed against each person or entity to which the Fair Responsibility Act applies and that a separate judgment be rendered in the amount of such non-economic damages attributable to that person or entity.

## Sixteenth Affirmative Defense

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable; therefore, Defendant is entitled to sanctions and other appropriate remedies, including without limitation, attorney's fees, against Plaintiff.

## Seventeenth Affirmative Defense

(Unclean Hands)

The complaint and each cause of action in it are barred by the doctrine of unclean hands.

//

//

**Eighteenth Affirmative Defense**

(Lack of Subject Matter Jurisdiction)

Defendant alleges that this Court has no jurisdiction over the causes of action alleged in the complaint.

**Nineteenth Affirmative Defense**

(Relief Barred)

The complaint is barred in that the relief sought would require Defendant to alter fundamentally the City of Berkeley's services and programs.

**Twentieth Affirmative Defense**

(Relief Barred)

The complaint is barred in that the relief sought would place an undue financial and administrative burden or hardship on the Defendant and would require unreasonable modifications to programs and services.

**Twenty-first Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred in that the relief sought would inappropriately require Defendant City to allocate resources, a political judgment, outside the purview of the Court's authority.

**Twenty-Second Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because Defendant City is not required to make structural changes in facilities where it has no jurisdiction.

**Twenty-Third Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because Defendant City is not required to make modifications that are structurally impracticable.

//

11
ANSWER TO COMPLAINT - DEFENDANT CITY OF BERKELEY
NO. 3:17-cv-04940-MMC

**Twenty-Fourth Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because to the extent that the complaint alleges entitlement to services or programs that are not being provided, Plaintiff has failed to demonstrate eligibility or entitlement to such programs or services.

**Twenty-Fifth Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because Plaintiff seeks to compel a reallocation of taxpayer funds within a fixed and limited City budget to favor a few citizens over all other citizens on the basis of recommendations from indefinite and conflicting professional judgments or standards or lay opinions.

**Twenty-Sixth Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because the relief sought would inappropriately mandate the manner in which Defendant City allocates public funds in relation to existing programs and services.

**Twenty-Seventh Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because the relief sought would inappropriately require Defendant City to allocate resources, a political judgment, outside the purview of the Court's authority.

**Twenty-Eighth Affirmative Defense**

(Relief Barred)

Defendant alleges that the complaint is barred because Plaintiff inappropriately seeks to predicate his claims on Defendant City's allegedly improper allocation of public funds.

//

//

### **Twenty-Ninth Affirmative Defense**

Defendant asserts that because the complaint is couched in conclusory terms, Defendant cannot anticipate all affirmative defenses that may be applicable to the within action.

WHEREFORE, Defendant prays for judgment in their favor and against Plaintiff as follows:

1. That the complaint be dismissed in its entirety and with prejudice;
2. That Plaintiff take nothing by the complaint;
3. That judgment be entered in favor of Defendant;
4. That Defendant recover costs and disbursements in this action, and
5. For such further relief as this Court deems just and proper.

Dated: October 31, 2017.  FARIMAH F. BROWN, City Attorney
NATALIE S. TORRES, Deputy City Attorney

By: *Natalie Torres*

NATALIE S. TORRES
Attorneys for Defendants CITY OF BERKELEY